**G. DOUGLAS FAIRHURST, et al., Plaintiffs-Appellees**

v.

**PACIFIC CONSTRUCTION CO., INC., Defendant-Appellant**

Civil No. 77-0020-A

District Court of Guam

Appellate Division

January 24, 1978

---

[1] Compare Guam Code § 1021 which clearly differentiates between attorneys' fees and costs.

Before DUENAS, SMITH and WONG, *District Judges*

PER CURIAM

## OPINION

On appeal, the defendant-appellant questions whether or not the trial court properly found that the defendant was estopped from raising as a defense the failure of the plaintiffs to give written notice of certain construction defects within one year of conveyance of title, as required in the Warranty of Completion, entered between the parties once construction was completed.

Defendant, Pacific Construction Company, had issued a performance guarantee on the construction of the plaintiffs' home and when the original contractor defaulted the defendant took over construction and finished the home. Upon completion, the defendant issued plaintiffs a Warranty of Completion (Plaintiffs' Exhibit # 4) which provided in pertinent part as follows:

Provided, however, that this warranty shall apply only to such instances of substantial nonconformity as to which the Purchaser(s)/Owner(s) or his (their) successors or transferees shall have given written notice to the Warrantor at any time or times within 1 year from the date of original conveyance of title to such Purchaser(s)/Owner(s) or the date of initial occupancy of the dwelling, whichever first occurs. Provided further however, that in the event the Purchaser(s)/Owner(s) acquired title to the captioned property prior to completion of construction of the dwelling thereon, such notice of nonconformity to the Warrantor may be given to any time or times within 1 year from the date of completion or initial occupancy of such dwelling, whichever first occurs.

The basic facts of this case are not in dispute. It is clear that the above warranty was to run from June 19, 1974,

to June 19, 1975, which was about the time the plaintiffs moved into their completed home. (RT 39:4 to 40:17.) There is no dispute that certain plumbing defects in the house became known at least in April 1975 (RT 41:24 to 42:18); however, the construction company does question whether it received notice of the defective plumbing and whether it promised that some action would be taken to cure the leak. The law seems clear that even though the Warranty of Completion entered into between the parties required written notice, if the plaintiffs (through a representative) had contacted the construction company and were assured that the problem would be corrected, and if they relied upon that assurance to their detriment, Pacific Construction would be estopped from raising as a defense the lack of written notice. *Wade v. Markwell Co.*, 118 Cal.App.2d 410, 258 P.2d 497, 37 A.L.R.2d 1363 (1953).

Sufficient facts were introduced to warrant the finding that Pacific Construction Company was notified of the plumbing problem and promised Mr. Felix (an agent hired by the plaintiffs to take care of their house) that the superintendent would be sent out to look at the problem. (RT 128; Exhibit # 10.) Also there can be no question that the plaintiffs relied on Mr. Felix's statement that the situation was being taken care of. (RT 51:21; 112:14 to 114:22; 118; 119:18.) (See the trial court's Findings of Facts, Paragraphs 6 through 9.) Although there was some conflict in the evidence, the trial court's finding was not clearly erroneous and must stand. Rule 52 of the Rules of Civil Procedure for the Superior Court of Guam. Affirmed.